[Cite as *State vs. Marcum*, 2024-Ohio-2653.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| TANNER MARCUM | : | Case No. 2024 CA 0001 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Case No. 2023 CR 0035


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        July 12, 2024


APPEARANCES:

For Plaintiff-Appellee

KATELYNN R. DAVIS
318 Chestnut Street
Coshocton, OH 43812

For Defendant-Appellant

TODD W. BARSTOW
261 West Johnstown Road
Suite 204
Columbus, OH 43230

*King, J.*

{¶ 1}   Defendant-Appellant Tanner Marcum appeals the December 7, 2023 judgment of conviction and sentence of the Coshocton County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

## Facts and Procedural History

{¶ 2}   This matter arose as the result of a controlled methamphetamine buy. In March of 2023, Licking County Sheriff's Department Sergeant Greg Collins and Coshocton County Sheriff's Department Detective Eric DeMattio and Sergeant Seth Andrews were investigating drug activity in Coshocton County. Collins is a sergeant with the Central Ohio Drug Task Force (CODE), and DeMattio and Andrews are members of CODE. They were working with confidential informant Ryan Neighbor who became a confidential informant in order to obtain a more favorable outcome of his own drug charges.

{¶ 3}   The target of the investigation was Marcum. On March 24, 2023, the CODE officers directed Neighbor to meet them and the Coshocton County Sheriff's Office. Where Neighbor and his vehicle were searched. Neighbor was then instructed to drive to a parking lot at River View High School to meet Sergeant Collins and Detective DeMattio. Once at the school, Neighbor and his vehicle were searched again. Neighbor was then fitted with an audio transmitter and enough buy money to purchase an ounce methamphetamine. As Neighbor made contact with Marcum, Collins and DeMattio stayed nearby listening to the entire interaction via live feed from the audio transmitter.

{¶ 4}   Neighbor and Marcum met at Marcum's residence. Marcum was in the garage working on a car. Marcum and Neighbor left the home to go to Shopwise to get

food and fuel for Marcum's kerosene heater. On the way back, Marcum told Neighbor he could only sell him a quarter ounce. The two returned to the garage, but then went back to Shopwise. On the way, at the intersection of Blissfield Road and Railroad Street in Warsaw, Ohio, Neighbor asked Marcum if the quarter ounce was 80 or 100 dollars. As he drove through the intersection, Neighbor handed Marcum the money. This intersection is in a school zone. At Shopwise, the two met with a woman and had a conversation consistent with a drug deal. Neighbor and Marcum then drove to a nearby carwash and met with a male. From there they drove back to the garage.

{¶ 5}   Neighbor then returned to River View High School where he and his vehicle were again searched. The deputies seized a baggie containing the drugs, the remaining buy money, and recording equipment. The drugs were sent to the Central Ohio Regional Crime Lab. The forensic scientist who examined the drugs determined the baggie contained 7.4375 grams of methamphetamine which is greater than bulk amount, but less than five times the bulk amount.

{¶ 6}   As a result of these events, on April 21, 2023, the Coshocton County Grand Jury returned an indictment charging Marcum with one count of aggravated trafficking in drugs, a felony of the second degree. The charge included a school zone specification.

{¶ 7}   Marcum pled not guilty and elected to proceed to a jury trial which began on November 30, 2023. The state presented evidence from Sergeant Collins, Detective DeMattio, Neighbor, and the forensic scientist who weighed and tested the drugs. Jurors also heard the recording of the drug buy and conversation between Neighbor and Marcum, and viewed a map of the route the men took to and from Shopwise which

included the school zone radius. Marcum rested without presenting evidence. Following deliberation, the jury found Marcum guilty as charged.

{¶ 8}   Marcum timely filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 9}   "THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF AGGRAVATED TRAFFICKING IN DRUGS, AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 10} In his sole assignment of error, Marcum argues his conviction on the specification is against the sufficiency and manifest weight of the evidence. We disagree.

{¶ 11} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and

a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 12} Marcum was charged with one count of aggravated trafficking in drugs pursuant to R.C. 2925.03(A)(1), 2925.03 (C)(1)(c) which provide no person shall sell or offer to sell a controlled substance. In this matter the amount trafficked was alleged to equal or exceed the bulk amount but was less than five times the bulk amount. Additionally, the indictment contained a specification alleging the transaction took place in a school zone.

{¶ 13} Marcum challenges only his conviction on the specification, arguing the transaction took place in his garage, which is outside a school zone, and not at the intersection of Blissfield Road and Railroad Street, which is in a school zone.

{¶ 14} In a single-paragraph argument, Marcum appears to suggest Neighbor's testimony was untrue and motivated by law enforcement concerns. He suggests that because the officers were anticipating a buy volume constituting a second-degree felony, and because the buy ended up being for a lesser amount than anticipated, that the buy "had to occur in a school zone" in order for the offense to be a felony of the second degree. Brief of Appellant at 2.

{¶ 15} In support of this theory, Marcum points to Neighbor's post-buy written statement arguing it demonstrates the buy happened in the garage. At trial, counsel for Marcum asked Neighbor to read that statement to the jury:

On March 24, 2023, I met with Detective DeMattio and Collins from CODE Task Force. I was wired, searched and the vehicle was searched. Prerecorded buy money and to purchase a quarter ounce of meth from Tanner Marcum. I drove to Warsaw, Township Road 31. Made contact with Tanner, and I gave him buy money for the meth. And then left and met back with detectives where I gave them the meth and wire and then searched and had vehicle searched.

{¶ 16} Transcript of trial (T.) 176.

{¶ 17} The written statement does not indicate where the actual transaction took place. At trial, Neighbor testified the sale took place as they approached and drove through the intersection of Blissfield Road and Railroad Street. T. 172. Moreover, the state played a recorded telephone conversation Marcum made while in jail wherein Marcum claimed that the sale occurred in the garage. But when he was incorrectly told that the garage was in the school zone, he responded, "Okay, I don't know where it happened at." T. 207-210.

{¶ 18} Marcum appears to argue that the alleged conflict between Neighbor's written statement and his trial testimony renders his testimony incredible. It is well settled, however, that the credibility of witnesses and conflicts in evidence are matters for the trier of fact to sort out. The jury as the trier of fact was free to believe all, part, or none of any witness's testimony. *State v. Antill*, 176 Ohio St. 61, 67 (1964). It is the province of the jury to determine where the truth likely lies when confronted with conflicting statements. *State v. Hunt*, 2013-Ohio-5326 (10th Dist.) ¶ 91.

{¶ 19} We find the state produced sufficient evidence to support a finding the that the transaction occurred in a school zone. We further find no evidence in the record to support a conclusion that the jury lost its way in sorting out conflicts in evidence or in making its credibility determinations. This is therefore not a case wherein the evidence weighs heavily against the conviction. Accordingly, Marcum's assignment of error is overruled.

{¶ 20} The judgment of the Coshocton County Court of Common Pleas is affirmed.

By King, J.,

Gwin, P.J. and

Wise, J. concur.